**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VA MINH LY; LIN SAU SLEN; DIEU VAN HUYNH; THI THU HUONG PHAN; LONG DAT ON; THI HUE PHAN; HIEN THI TRAN; TIN VAN DANG; THI BAU NGUYEN; and THUY THU TRAN,<br><br>Plaintiffs, | v. | U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY; KEVIN RIDDLE, USCIS CHICAGO FIELD OFFICE DIRECTOR; OFFICER DO; OFFICER DAO; OFFICER SMITH; OFFICER ARCANGEL; OFFICER DERIC D. JORDAN; and JOHN or JANE DOE FEDERAL OFFICERS 1-4,<br><br>Defendants. |

Case No.: 26-07563

**Presiding Judge:** Hon. Jeffrey I. Cummings

**JOINT INITIAL STATUS REPORT**

Pursuant to Fed. R. Civ. P. 16 and Fed. R. Civ. P. 26(f), and the Standing Orders of Judge Cummings, the parties submit this Joint Initial Status Report.

## I. Nature of the Case

### A. Attorneys of Record

**Plaintiffs' Counsel and Lead Trial Attorney**: Timothy A. Gambacorta, The Gambacorta Law Office, Inc., 5250 Old Orchard Road, Suite 300, Skokie, IL 60077; Tel: (847) 786-2599; Fax: (847) 786-2612; Email: tim@gambacortalaw.com.

**Defendants' Counsel**: Craig Arthur Oswald and Joshua Samuel Press, Assistant United States Attorneys, United States Attorney's Office, 219 South Dearborn Street, Fifth Floor, Chicago, IL

60604; Tel: (312) 886-9080; Email craig.oswald@usdoj.gov.

**B. Claims and Other Pleadings**

This action concerns the adjudication of Plaintiffs' naturalization applications and related Form N-648 disability exceptions. Plaintiffs assert claims under the Administrative Procedure Act (5 U.S.C. §§ 702, 706), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and the Fifth Amendment. They allege Defendants applied an unlawful policy regarding N-648 exceptions and engaged in improper investigative activity. No counterclaims or third-party claims are pending.

**C. Major Legal and Factual Issues**

Factual issues include procedures for evaluating Form N-648 submissions, the existence of an unwritten policy, the circumstances of the June 18, 2026 interviews, officer identities, underlying administrative records, and claimed injuries. Legal issues encompass whether Defendants' conduct was arbitrary or unlawful under the APA, violated the Rehabilitation Act or Fifth Amendment, whether individual defendants are immune, whether exhaustion requirements apply, and the scope of relief.

**D. Relief Sought**

Plaintiffs seek administrative reconsideration of denied applications, re-interviews by neutral officers, declaratory and injunctive relief, reasonable accommodations—including interview limits and breaks—prohibition of unlawful investigative activities, and other authorized relief, including costs and fees.

Defendants deny that Plaintiffs are entitled to the relief sought.

## II. Jurisdiction

This Court has federal-question subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert claims arising under the U.S. Constitution, the Administrative Procedure Act (5 U.S.C. §§ 702, 706), and Section 504 of the Rehabilitation Act (29 U.S.C. § 794). No claims rely on diversity or

supplemental jurisdiction; thus, no amount-in-controversy analysis applies. Venue is proper under 28 U.S.C. § 1391(e)(1) because Defendants are federal agencies and official-capacity federal officers, Plaintiffs reside in this District, and a substantial portion of the underlying events occurred here. Defendants' position regarding jurisdiction and venue: Defendants deny that the court has jurisdiction over this matter and intend to file a motion to that effect.

Counsel will file a supplemental jurisdictional statement within fourteen days of any material change in these facts, per Judge Cummings's standing orders.

## III. Status of Service

The Attorney General, U.S. Attorney for the Northern District of Illinois, and DHS were served on August 5–6, 2026. USCIS service is pending, with summons preparation underway. Individual defendants, sued in their official capacities, have not been separately served. Plaintiffs will identify, substitute, and serve Doe defendants per Fed. R. Civ. P. 4(i)(2), or seek relief under Rule 4(m) if necessary.

## IV. Motions

On September 1, 2026, the Court acknowledged receipt of Plaintiffs' Motion for Leave to File First Amended Complaint. Plaintiffs' counsel is planning on conferring with Defendants' counsel regarding whether the motion is opposed or unopposed.

Defendants position is that the parties need to confer.

Defendants anticipate responding to the operative complaint by a motion under Fed. R. Civ. P. 12.

Plaintiffs reserve the right to seek preliminary or protective relief concerning ongoing administrative proceedings, interviews, or investigative activity, if warranted.

## V. Case Plan

The parties have not yet conferred pursuant to Fed. R. Civ. P. 26(f). The parties propose the following plan, subject to the Court's approval under Fed. R. Civ. P. 16(b).

## A. Discovery

*Plaintiffs' View*:

**1. General Type of Discovery**. The parties anticipate discovery concerning the administrative records for Plaintiffs' naturalization applications; Form N-648 adjudications; applicable agency policies, guidance, training materials, and communications; interview recordings, notes, and related records; communications concerning the June 18, 2026 events; and the claims and defenses. Discovery may include interrogatories, requests for production, requests for admission, depositions of appropriate agency personnel and other witnesses, and, if necessary, expert discovery. The parties will meet and confer regarding preservation and production of electronically stored information, including interview audio or video, field notes, and agency communications, and regarding privilege logs and clawback procedures under Fed. R. Civ. P. 26(b)(5).

Defendants view is that discovery is unnecessary to adjudicate its motion to dismiss.

**2. Initial Disclosures**. The Plaintiffs propose October 16, 2026, for disclosures under Fed. R. Civ. P. 26(a)(1). Defendants view is that discovery is unnecessary to adjudicate its motion to dismiss.

**3. Written Discovery**. The Plaintiffs may serve written discovery beginning October 30, 2026. Defendants view is that discovery is unnecessary to adjudicate its motion to dismiss.

**4. Fact Discovery Cutoff**. The Plaintiffs propose March 31, 2027, as the deadline for completing fact discovery. Defendants view is that discovery is unnecessary to adjudicate its motion to dismiss.

**5. Amended Pleadings**. The Plaintiffs propose November 30, 2026, as the deadline for amended pleadings, subject to the Court's ruling on Plaintiffs' pending motion for leave to amend.

**6. Expert Discovery**. The Plaintiffs anticipate expert discovery only if necessary. Plaintiffs' expert disclosures would be due April 30, 2027; Defendants' expert disclosures would be due May 31, 2027; and expert discovery would close June 30, 2027. The parties presently propose no modifications to the Federal or Local Rules' discovery limits.

*Defendants' View*:

Defendants request that a determination regrading discovery be deferred at this time.

**B. Trial**

**1. Jury Demand**. Plaintiffs request a bench trial on the APA and other equitable claims. To the extent any triable damages claims remain, Plaintiffs request a jury trial on those claims.

**2. Estimated Length**. The parties estimate that trial will require approximately five to seven trial days.

**VI. Consent and Settlement Discussions**

The parties have been advised that they may consent to proceed before a United States Magistrate Judge. The parties are unable to unanimously consent to having a Magistrate Judge handling this matter.

Pre-litigation settlement discussions occurred in May 2026. The parties do not disclose the substance of any demands, offers, or negotiations.

The parties do not presently request a settlement conference. If requested, the parties propose that a settlement conference occur after initial disclosures and a preliminary exchange of information.

Respectfully submitted,

TIMOTHY A. GAMBACORTA
IL Bar No. 6279115
AZ Bar No. 028460
The Gambacorta Law Office, Inc.
5250 Old Orchard Road, Suite 300
Skokie, Illinois 60077
Telephone: (847) 786-2599
Fax: (847) 786-2612
Email: tim@gambacortalaw.com
Attorney for Plaintiffs

CRAIG ARTHUR OSWALD
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
[Telephone and email to be added]
Counsel for Defendants

JOSHUA SAMUEL PRESS
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
[Telephone and email to be added]
Counsel for Defendants